**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAKHAT BAISHYMYROV,<br>A-221-347-017,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, et. al.,<br><br>Respondents. | No.  1:25-CV-01658-DMC (HC)<br><br><br>ORDER |

Petitioner, an immigration detainee who is proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to the written consent of all parties, ECF Nos. 6 and 8, this case is before the undersigned judge for all purposes, including entry of a final judgment.  See 28 U.S.C. § 636(c); see also ECF No. 9 (consent order).

On January 20, 2026, the Court granted the petition in part and denied in part, ordering that Respondents

> [P]rovide Petitioner an individualized bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," id. at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial

1

circumstances and alternative conditions of release. Hernandez v. Sessions, 872 F.3d 976, 1000 (9th Cir. 2017).

ECF No. 11, pg. 17.

Pursuant to that decision, the case was closed. Petitioner subsequently filed a first amended petition, ECF No. 13, and a motion to appoint counsel, ECF No. 14. Petitioner did not seek leave of court to file the amended petition and it was therefore struck. However, the Court expressed concern with Petitioner's claim that Petitioner was not provided the process ordered in this Court's judgment, ECF No. 11. Thus, the undersigned directed Respondents to file a notice of compliance, which Respondents timely completed. ECF No. 16.

In the notice of compliance, Respondents contend that Petitioner was provided "an individualized assessment of Petitioner's flight risk and dangerousness" at a hearing on February 3, 2026. ECF No. 16, pg. 2. Respondents informed the Court they are prepared to lodge a copy of the audio recording of that hearing, upon request from the Court. Id. at n. 1. The Order of the Immigration Judge cites the fact that "there is no evidence of any sponsor on [Petitioner's] behalf," as a reason Petitioner "failed to establish sufficient positive, countervailing equities to offset the negative factors in his case." ECF No. 16-1, pg. 3. However, Petitioner previously provided this Court with a letter from their sponsor, which, as this Court addressed in the memorandum opinion and order, stated Petitioner is approved to live in the non-profit's shelter, would be required to abide by shelter rules, and would provide support such as rides to ICE appointments and court dates. See ECF No. 11, pg. 3 (citing ECF No. 10).

Due to this discrepancy between the immigration judge's factual findings and the facts provided to this Court, Respondents are ordered to provide this Court with a recording or transcript of the February 3, 2026, hearing on or before April 6, 2026.

IT IS SO ORDERED.

Dated:  March 31, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2